# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 13-cv-00091-REB-KMT

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO ENFORCE
## COMPLIANCE WITH COURT ORDER AND TO TRANSFER VENUE

**Blackburn, J.**

The matter before me is **Defendant's Motion To Enforce Compliance With Court Order and To Transfer Venue** [#15],[1] filed February 22, 2013. I deny the motion.

This lawsuit is one of eight separate actions,[2] each associated with a separate residential mortgage loan sold by defendant to plaintiff. Originally, plaintiff filed a single action for breach of contract implicating all the loans in the United States District Court for the Southern District of Florida. The district judge assigned to that case subsequently severed all but one of the claims and dismissed the remainder without prejudice to refile. This lawsuit represents one of those severed claims, all seven of

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The seven lawsuits that have been filed in this district are designated as Civil Action Nos. 13-cv-00087 through 13-cv-00093.

which have been refiled in the District of Colorado.

Defendant filed the instant motion (as well as the identical motion in the six other cases pending in this district) under the impression that the Florida court's order of dismissal directed and required plaintiff to refile, if at all, in the Southern District of Florida.  Mere days after the filing of the motion, however, the Florida district judge issued an order clarifying that

> [i]t was not the Court's intention to require that Plaintiff re-file its severed claims in the Southern District of Florida.  The Court left to Plaintiff the discretion to re-file or not, and to do so in this district or elsewhere. . . .  Nothing in the Court's Order should be seen as denying Plaintiff the right to re-file in another court of appropriate jurisdiction.

(**Defendant's Supplement to Motion To Enforce Compliance With Court Order and To Transfer Venue** App., Exh. A at 2-3 [#18-1], filed March 1, 2013.)  Undaunted, plaintiff insisted that the motion nevertheless should be granted on the ground that plaintiff was engaged in impermissible forum shopping and that a transfer was warranted pursuant to 28 U.S.C. § 1404(a).

Defendant has filed motions, and supplements thereto, identical to those before me here in each of the other six cases pending in this district.  In the three such cases assigned to her, my colleague, the Honorable Christine M. Arguello, has denied the motions already, finding defendant's arguments regarding forum shopping and the propriety of a discretionary transfer pursuant to 28 U.S.C. § 1404(a) unpersuasive. (*See Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, Civil Action No. 13-cv-00088-CMA-MEH, 2013 WL 2237493 (D. Colo. May 21, 2013); **Order Denying Defendant's Motion To Transfer Venue**, *Lehman Brothers Holdings Inc.*

*v. Universal American Mortgage Co.*, Civil Action No. 13-cv-00093-CMA-MJW [#26], filed May 21, 2013; ***Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.***, Civil Action No. 13-cv-00087-CMA-MJW, 2013 WL 1685842 (D. Colo. April 17, 2013).)

     I concur with Judge Arguello's comprehensive and cogent analysis of the legal issues presented by and inherent to those motions, which analysis is equally applicable in the case before me. I see no benefit in presenting a festooned reiteration of the arguments so persuasively already made. There is no evidence to substantiate defendant's allegations of forum shopping; nor has defendant met its heavy burden of establishing that a transfer of venue pursuant to section 1404(a) is warranted. Thus, and for the reasons more fully set forth in Judge Arguello's orders referenced above, I find and conclude that the motion should be denied.

     **THEREFORE, IT IS ORDERED** that **Defendant's Motion To Enforce Compliance With Court Order and To Transfer Venue** [#15], filed February 22, 2013, is **DENIED**.

     Dated June 3, 2013, at Denver, Colorado.

                                       **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge