**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-00091-REB-KMT

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

    Defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Amend and/or Modify the Judgment Entered January 28, 2014 Pursuant to Fed. R. Civ. P. 59** [#86],[1] filed February 25, 2014. I deny the motion.

Although plaintiff's invocation of Rule 59 is procedurally proper,[2] plaintiff never acknowledges the relevant standards governing such motions, under which the bases for granting relief are exceptionally limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

---

[1] "[#86]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Plaintiff's motion was filed within 28 days of the entry of judgment on January 28, 2014 [#83], and therefore is properly considered under Fed. R. Civ. P. 59(e).

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff fails to establish how any of these bases is implicated here. Instead, it merely reasserts the same arguments this court rejected in granting defendant's motion for summary judgment. Plaintiff's suggestion that the court's ruling may impact other currently pending lawsuits brought by plaintiff on behalf of its creditors (*see* **Reply** at 1 [#92], filed April 4, 2014) not only provides no reasoned basis for forcing the court to reexamine, yet again, its well-considered opinion, but also is wholly speculative and gives short shrift to the independent judgment of these other, co-equal, tribunals.[3] The appropriate mechanism for the type of arguments plaintiff presents by this motion is an appeal.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion To Amend and/or Modify the Judgment Entered January 28, 2014 Pursuant to Fed. R. Civ. P. 59** [#86], filed February 25, 2014, is **DENIED**.

Dated April 11, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[3] For example, the opinion to which plaintiff refers in its reply – **Aurora Commercial Corp. f/k/a Leham Brothers Bank, FSB v. Standard Pacific Mortgage, Inc.**, Civil Case No. 12-cv-03238-WJM-KLM – although referencing my decision in this case, did not adopt my opinion wholesale, but instead fully and thoughtfully considered the issues raised by and inherent to the motion there under consideration based on many of the same authorities I considered in this case. (*See id.*, **Order Granting Defendant's Motion To Dismiss** at 4-8 [#63], filed March 19, 2014.)