**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00091-REB-KMT

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

    Defendant.

## ORDER RE: UNOPPOSED MOTION TO STAY

**Blackburn, J.**

The matter before me is **Plaintiff's Amended and Unopposed Motion Pursuant to Fed. R. Civ. P. 62 To Stay Proceedings Related to Defendant's Award of Costs Pending Resolution of Plaintiff's Appeal** [#98],[1] filed May 14, 2014. By this motion, plaintiff seeks a stay of determination of defendant's award of costs until the appeal is resolved. Despite earlier opposition, defendant has now conceded the relief requested by the motion. I grant the motion contingent on plaintiff's posting of the required supersedeas bond as set forth in more detail herein.

Federal Rule of Civil Procedure 62(d) provides that,

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.

---

[1] "[#98]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and case filing system (CM/ECF). I use this convention throughout this order.

The stay takes effect when the court approves the bond. A stay is a matter of right so long as the appellant files a supersedeas bond. ***Metz v. United States***, 130 F.R.D. 458, 459 (D. Kan. March 27, 1990). "The purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution, and a full supersedeas bond should be the requirement in normal circumstances." ***United States ex rel. Sun Construction. Co. v. Torix General Contractors***, LLC, 2011 WL 2182897 at *1 (D. Colo. June 6, 2011) (citations and internal quotation marks omitted). "District Courts have inherent discretionary authority in setting supersedeas bonds." ***Id.***

Plaintiff's motion does not address the issue of the supersedeas bond at all. Nevertheless, "[t]he general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interest, costs, and damages for delay. It is incumbent upon the moving party to objectively demonstrate good cause for any departure from this general rule." ***Metz***, 130 F.R.D. at 459. This amount therefore properly includes an award of approximate costs that may be incurred on appeal. ***See Sun Construction Co.***, 2011 WL 2182897 at *3.

Defendant has filed its bill of costs [#84], in which it seeks $8,809.13 in costs. Given the complex and novel issues presented by this case, it strikes this court that defendant could incur costs of at least half that much on appeal. The court therefore will order plaintiff to post a supersedeas bond in the amount of $13,200 to preserve defendant's rights pending appeal.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Amended and Unopposed Motion Pursuant to Fed. R. Civ. P. 62 To Stay Proceedings Related to Defendant's Award of Costs Pending Resolution of Plaintiff's Appeal** [#98], filed May 14, 2014, is provisionally **GRANTED**;

2. That plaintiff **SHALL DEPOSIT** into the registry of the court, in accordance with Fed. R. Civ. P. 67 and D.C.COLO.LCivR 67.2, a supersedeas bond in the amount of $13,200; and

3. That once the bond is posted, the proceedings to consider and determine defendant's award of costs are **STAYED** pending resolution of the appeal.

Dated May 16, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge